In re MOLTEN METAL TECHNOLO-GY, INC., MMT of Tennessee, Inc., MMT Federal Holdings, Inc., M4 Environmental Management, Inc., M4 Environmental L.P., Debtors.

Nos. 97–21385–RS, 97–21386–RS, 97–21387–RS, 97–21388–RS, 97–21389–RS.

United States Bankruptcy Court, D. Massachusetts.

Sept. 9, 2005.

Alan L. Braunstein, Boston, MA, for Chapter 11 Trustee.

Joseph Bodoff, Boston, MA, Escrow Agent and counsel to Latham & Watkins.

## *MEMORANDUM OF DECISION ON MOTION OF TRUSTEE TO AUTHORIZE ESCROW AGENT TO RELEASE ESCROW FUNDS*

ROBERT SOMMA, Bankruptcy Judge.

The Chapter 11 Trustee of the above-entitled cases has moved for an order from this Court authorizing the Escrow Agent, Joseph Bodoff, to release to the Trustee certain funds the Escrow Agent is holding under an order of the United States District Court for the District of Massachusetts. The escrow arrangement was established by the District Court to protect the interests of both Latham & Watkins LLP ("Latham") and the Chapter 11 Trustee during the pendency of Latham's appeal from an order of the Bankruptcy Court. The Trustee contends that, under an approved settlement stipulation between Latham and the Trustee, the funds should now be released to the Trustee. The Trustee states that he and Latham have moved for this same relief from the District Court but have been informed by the District Court that the District Court appeal has been closed and that an order cannot be obtained from the District Court.

Latham has not objected to the present motion. Only the escrow agent has objected. The basis of the objection is that the order by which the District Court established the escrow arrangement states that funds in question shall remain in the escrow account "until further order of this Court." Therefore, he concludes, only the District Court may authorize release of the funds; the Bankruptcy Court lacks jurisdiction to do so and must either deny the motion or refer the matter to the District Court.

This Court has reviewed the docket of the proceeding in the District Court, 03–CV–10371. That docket indicates that on July 6, 2005, the District Court, by Judge Young, granted the parties' joint motion for release of funds. Accordingly, the necessary authority has already been granted by the appropriate court. No further authorization is needed, and the Trustee is entitled to release of the funds forthwith. A separate order will enter accordingly.